**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SARNOFF CORPORATION, | : | CIVIL ACTION NO. 08-2313 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| HOYOS GROUP, et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the plaintiff to show cause why the action should not be transferred to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404 (dkt. entry no. 10, Order to Show Cause); and the plaintiff bringing this action, <u>inter alia</u>, (1) for a judgment declaring it is not infringing certain intellectual property, and (2) to recover damages for violations of the Lanham Act (dkt. entry no. 1, Compl.); and the defendants objecting to venue (dkt. entry no. 8, Defs. Br. at 4, 6-8, 23-27; dkt. entry no. 16, Defs. 2d Br. at 2-11); and the defendants arguing that the agreements among the parties ("Agreements"), which the plaintiff asserts are at issue here (<u>see</u> Compl. at 7-9, 21-22), mandate that any litigation "shall be" in either "the federal courts of the Southern District of New York" (dkt. entry no. 8, Gibbs Cert., Exs. B-D), or simply "the courts of New York" (<u>id.</u>, Ex. E); and the defendants arguing that the Agreements all mandate that any litigation be governed

by New York law (id., Exs. B-F); and it appearing that at least three of the defendants may be found within the Southern District of New York (Compl. at 2-3); and

**THE COURT** having broad discretion under 28 U.S.C. § 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and

**THE PLAINTIFF** initially opposing a transfer of venue to the Southern District of New York, arguing that:

> most of the claims alleged in [the] Complaint do not arise out of — and have no nexus to — Defendants' various contractual breaches.  The gravamen of [the] Complaint — indeed the principal relief that it seeks — concerns the ownership and alleged infringement of intellectual property embodied in [plaintiff's] iris recognition technologies.  Such questions of ownership and infringement have absolutely nothing to do with the parties' rights, obligations, or remedies under the various contracts cited by Defendants

(dkt. entry no. 11, Pl. Br. at 1; see id. at 6-8 (expanding on same)); and the plaintiff arguing further here that the causes of action against the defendant Keith Hanna concern separate agreements that "do not contain any provisions that could be construed as forum selection clauses" (id. at 1-2); but it appearing that this argument is without merit, as it contradicts the plaintiff's assertions in the complaint (see Compl. at 7-9, 21-22 (stating Agreements indeed are at issue here)); and it appearing that the Agreements are "inseparably implicated" in the

dispute and the causes of action arising thereunder, as an interpretation of the Agreements appears to be necessary to resolve this entire dispute, Source Buying Group v. Block Vision, No. 99-5412, 2000 WL 62972, at *2 (E.D. Pa. Jan. 14, 2000) (granting part of motion seeking transfer to Florida), see Crescent Int'l v. Avatar Cmts., 857 F.2d 943, 944 (3d Cir. 1988) (affirming order granting motion to dismiss for improper venue, as "[a]lthough only one . . . claim[] is based on a breach of contract theory, all of them [ — including fraud and tortious interference claims — ] involve allegations arising out of the agreement implicating its terms");[1] and it appearing that this implication of inseparability includes the causes of action against Hanna, as — according to the plaintiff's own assertions — "Hanna, a former long-time, key technical employee of [the plaintiff], was hired by [the other defendants] after resigning from [the plaintiff], and assisted [the other defendants]" (Compl. at 2); and

> **THE PLAINTIFF** also arguing:
>
> the contractual provisions on which Defendants erroneously rely are not forum selection clauses.  They do not even mention a choice of venue.  Although the

---

[1] A forum provision is enforceable, even if the defendants breached the agreements at issue. See Versar, Inc., v. Ball, No. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001) (rejecting argument that forum clause expires when contract is terminated or breached).

>  provisions state that the parties agree to be bound by the laws of New York and to be subject to the jurisdiction of the Southern District of New York, they contain no language implicating a particular choice of venue or any indication that the parties intended to submit to the exclusive jurisdiction of the Southern District of New York

(Pl. Br. at 1, see id. at 9-10 (expanding on same)); but it appearing that this argument is without merit, as the terms of the Agreements — that any litigation (1) "shall be" in either "the federal courts of the Southern District of New York" or "the courts of New York", and (2) will be governed by New York law — contain mandatory language as to a New York forum, see Cowatch v. Sym-Tech Inc., 253 Fed.Appx. 231, 232-34 (3d Cir. 2007) (affirming judgment remanding action to state court, as agreement "unambiguously" stated disputes "will be" settled in Pennsylvania state court), Applied Card Sys. v. Winthrop Res. Corp., No. 03-4104, 2003 WL 22351950, at *2-*3 (E.D. Pa. Sept. 23, 2003) (granting part of motion seeking transfer to Minnesota, as contract stated "venue shall be in Minnesota"), Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 571 (D.N.J. 2000) (granting part of motion seeking transfer to Washington, even though plaintiff was New Jersey citizen, as forum-selection clause given "substantial consideration"); and the plaintiff conceding that New York law controls under the terms of the Agreements, thereby further supporting a transfer of venue to a New York court, which will be more familiar with the relevant

state law, see Shore Slurry Seal v. CMI Corp., 964 F.Supp. 152, 158 (D.N.J. 1997) (granting part of motion seeking transfer to Oklahoma, as contract mandated same), Burger King Corp. v. Stroehmann Bakeries, 929 F.Supp. 892, 895 (E.D. Pa. 1996) (granting part of motion seeking transfer to Florida, as contract mandated same); and

**THE PLAINTIFF** now advising the Court that it "would rather the case move forward in the Southern District of New York", and "consents to the transfer of venue" (dkt. entry no. 20, Pl. Letter at 1); and thus the Court, in the Court's discretion, intending to (1) grant the order to show cause, and (2) transfer the action to the Southern District of New York; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated:  October 27, 2008